# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JULIE SNIDER, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 4:09CV01834 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Julie Snider's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

### I.   BACKGROUND FACTS

On November 13, 2008, Movant Julie Snider ("Movant") was charged in a two-count indictment with conspiracy to possess and possession of pseudoephedrine, a List I chemical, knowing or having reasonable cause to believe that the listed chemical would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2) and 21 U.S.C. § 846, and punishable under 21 U.S.C. § 841(c). On November 21, 2008, counsel was appointed to represent Movant. Movant informed counsel that she wished to enter into plea negotiations as a cooperating defendant, and a proffer letter was executed. After the proffer of information, a plea agreement was sent to counsel, and he forwarded it to Movant.

Following discussions with counsel and some minor revisions, Movant consented to the plea agreement, and on January 28, 2009, Movant entered a plea of guilty to both counts in the indictment. Movant acknowledged that she had sufficient opportunities to discuss her case with

counsel and expressed her satisfaction with his performance. Movant further indicated to the Court that she had read, reviewed, and signed the plea agreement.

Movant then appeared before the Court for sentencing on June 18, 2009. Pursuant to the terms of the plea agreement, the Government retained the sole right to determine what, if any, of Movant's assistance was substantial. The Government filed a Motion for Downward Departure pursuant to Section 5k1.1 of the United States Sentencing Guidelines, indicating that Movant had provided substantial assistance. Based on Movant's criminal history, her sentencing range under the guidelines was 57-71 months. Crediting the Government's Motion, the Court sentenced Movant to a term of 36 months imprisonment, reflecting a downward departure of 21 months from the 57-month low end of the guidelines.

On November 6, 2009, Movant filed the pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Movant claims that her sentence should be set aside because she received ineffective assistance of counsel in violation of her Sixth Amendment rights.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner is entitled to have her sentence vacated, set aside, or corrected, if she can prove that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255 relief is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). As such, a § 2255 movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

### III. DISCUSSION

Movant asserts that her plea counsel provided unconstitutionally ineffective assistance by (1) failing to adequately inform the Court of her cooperation, (2) failing to adequately inform the Government of her cooperation, and (3) failing to dispose of Movant's two pending state cases.

The Government contends that Movant has failed to carry her burden of demonstrating that she is entitled to § 2255 relief.

At the outset, the Court notes that although Movant did not raise these claims on direct appeal, they are not procedurally defaulted because ineffective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). This is because demonstrating ineffective assistance of counsel generally satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional claim for the first time in a § 2255 motion. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is a "heavy burden." *Id*.

To prove ineffective assistance of counsel, a movant must demonstrate (1) that her counsel's performance was deficient, and (2) that the deficient performance prejudiced her defense. *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 688, 700 (1984)). This two-prong test also applies in situations in which a movant raises ineffective assistance of counsel claims after entering a guilty plea instead of proceeding to trial, as in the present case. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not address the other. *Strickland*, 466 U.S. at 697.

When evaluating whether an attorney's performance was so deficient that it failed to meet the Sixth Amendment's guarantee of counsel, courts are directed to apply "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The movant bears the burden of proving counsel's performance was unreasonable, in light of all relevant circumstances, and there is "a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 688-89. To satisfy the prejudice requirement, a movant must show that she was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (internal citations omitted).

### A. Failure to Inform the Court of her Cooperation

Movant first argues that counsel provided ineffective assistance in failing to inform the Court of her cooperation. The plea agreement, however, contained a provision stating that the Government alone would decide whether Movant's assistance was substantial and whether it would therefore file a motion for a downward departure. As such, counsel's alleged failure to inform the Court of her cooperation could not constitute deficient performance or otherwise prejudice her position. Furthermore, the Government did file a motion for downward departure. In its motion, the Government informed the Court of Movant's cooperation and advised the Court that her assistance was substantial, and the Court took this into account when it departed downward by 21 months from the 57-month low end of the advisory guidelines. The Court therefore concludes that this claim will be denied without an evidentiary hearing because it is clearly refuted by the record.

### B. Failure to Inform the Government of her Cooperation

Movant next claims that counsel provided ineffective assistance in failing to inform the Government of the whereabouts of co-defendant Kevin Basham. It is clear from the record, however, that the Government did ultimately locate Mr. Basham. As noted above, the Government also indicated that Movant had provided substantial assistance in its motion for a

downward departure, and the Court credited her assistance in entering a non-guideline sentence. Thus, Movant cannot demonstrate that she was prejudiced by this alleged error, and this claim will likewise be denied without an evidentiary hearing.

### C. Failure to Dispose of Movant's Two Pending State Cases

Movant's final ground for relief is that counsel was ineffective for failing to properly deal with two state court cases pending against her during the federal proceedings. Although the precise grounds for her claim are unclear, it appears Movant argues that counsel's failure to dispose of those cases prior to her sentencing deprived her of the opportunity to attend a treatment program. In any event, Movant does not claim that counsel actually represented her in either of those cases or that he agreed to do so. Furthermore, Movant does not contend that she was prejudiced by this alleged error – that is, that she would not have pled guilty to the charged offenses but for counsel's failure to dispose of her state court cases. She also does not controvert counsel's assertion that she was represented by a state public defender in one of those matters, a misdemeanor traffic offense, and that he advised the public defender that entering a plea in that case prior to Movant's sentencing could potentially result in additional criminal history points and, as a result, a longer sentence. This was objectively reasonable advice, and moreover, any decision with respect to that case was ultimately a matter between Movant and her state public defender. In short, Movant's allegations, even if true, fail to suggest either prejudice to Movant or deficient performance on the part of counsel, and there is therefore no need to hold an evidentiary hearing on this claim.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v.*

*Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V.     CONCLUSION

Movant's Motion, alleging ineffective assistance of plea counsel, will be denied without an evidentiary hearing. With respect to her claims that counsel failed to inform the Court and the Government of her cooperation prior to sentencing, the record clearly indicates that the Government was aware of her assistance, and that the Court entered a sentence 21 months below the low end of the guideline range based on the Government's representations that she had provided substantial assistance. Her claim that counsel failed to dispose of her pending state court cases fails because even if her allegations are true, counsel did not represent her in those matters and was under no duty to do so. In sum, there is no basis in Movant's claims for concluding that counsel's performance was, in fact, deficient, and there is likewise no indication that she was prejudiced by any of counsel's alleged errors.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Julie Snider's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 28th Day of May, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE